IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

HASSAN SABREE, by his mother and : 
next friend, Hana Sabree; :
CATHERINE MEADE, by her father :
and next friend, Robert A. Meade; :
JOSEPH FRAZIER, by his mother and :
next friend, Patricia Frazier, :
for themselves and all others :
similarly situated, :
                                                             Plaintiffs, :
                                                                     :
                      v. : Civil Action No. 02-CV-3426
                                                                     :
FEATHER O. HOUSTOUN, in her : Class Action
official capacity as Secretary of :
the Department of Public Welfare :
of the Commonwealth of :
Pennsylvania, :
                                                                     :
                                             Defendant. :
_____:

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), Plaintiffs, through their counsel and next friends, submit this Motion for Class Certification. Plaintiffs request that the Court certify this case to proceed on behalf of the following class:

> All Pennsylvania residents with mental retardation who live with family members, friends, or other similar caretakers, who are eligible for and have requested Medical Assistance residential and habilitative services in small, community-integrated settings, and who have not received those services.

In support of this Motion, Plaintiffs submit the accompanying Memorandum of Law and Exhibits, which are incorporated by reference in this Motion.

                                                                        Respectfully submitted,

Dated: June _____, 2002          By: _____
                                                      Ilene W. Shane
                                                      Attorney I.D. No. 21774
                                                      Robin Resnick
                                                      Attorney I.D. No. 46980
                                                      Disabilities Law Project
                                                      1315 Walnut Street, Suite 400
                                                      Philadelphia, PA 19107-4798
                                                      (215) 238-8070

                                                      Stephen A. Whinston
                                                      Attorney I.D. No. 17975
                                                      David Langer
                                                      Attorney I.D. No. 84394
                                                      Berger & Montague, P.C.
                                                      1622 Locust Street
                                                      Philadelphia, PA 19103
                                                      (215) 875-3097

                                                      Stephen F. Gold
                                                      Attorney I.D. No. 09880
                                                      125 South Ninth Street
                                                      Suite 700
                                                      Philadelphia, PA 19107
                                                      (215) 627-7100

                                                      Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HASSAN SABREE, by his mother and next friend, Hana Sabree; CATHERINE MEADE, by her father and next friend, Robert A. Meade; JOSEPH FRAZIER, by his mother and next friend, Patricia Frazier, for themselves and all others similarly situated, : : : : : : : : : Plaintiffs, : : v. : : FEATHER O. HOUSTOUN, in her official capacity as Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania, : : : : : : : Defendant. : | Civil Action No. 02-CV-3426<br><br>Class Action |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs, through their counsel and next friends, submit this Memorandum of Law in support of their Motion for Class Certification. Plaintiffs request that the Court certify this case to proceed on behalf of the following class:

> All Pennsylvania residents with mental retardation who live with family members, friends, or other similar caretakers, who are eligible for and have requested Medical Assistance residential and habilitative services in small, community-integrated settings, and who have not received those services.

The criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(2) are satisfied in this case,

making class certification appropriate.

## FACTUAL BACKGROUND

Plaintiffs Hassan Sabree, Catherine Meade, and Joseph Frazier are Pennsylvania Medical Assistance recipients who have mental retardation and need community residential and habilitative mental retardation services. Compl. ¶¶ 6-8, 13-14, 21, 22-23, 32, 33-34, 40, 69.[1] Plaintiffs filed this action to challenge the failure of Defendant Feather O. Houstoun, Secretary of the Pennsylvania Department of Public Welfare ("DPW"), to provide such services to them and others similarly situated in violation of the federal Medical Assistance law, Title XIX of the Social Security Act ("Title XIX"), 42 U.S.C. § 1396 et seq. Compl. ¶¶ 67-75.

Pennsylvania participates in the joint federal-state Medical Assistance program and has adopted a State Plan. Compl. ¶ 49. A state that participates in the Medical Assistance program receives federal reimbursement for a portion of its expenditures for medical services provided to eligible persons pursuant to the State Plan. Id. ¶ 48. Under Title XIX, a state must provide certain mandatory medical services (e.g., physician services) and, at its option, may include in its state plan some or all of the "optional" services that are identified in 42 U.S.C. § 1396d(a). Id. ¶¶ 50-51 (citing 42 U.S.C. § 1396a(a)(10)(A)). Once a state chooses to include an "optional service" in its Medical Assistance program, it must provide that service to all eligible persons throughout the state who need them. Id. ¶ 51.

---

[1] For purposes of class certification, the Court must accept as true the allegations in the Complaint. Smith v. Dominion Bridge Corp., Civil Action No. 96-7580, 1998 WL 98998 at *1 (E.D. Pa. Mar. 6, 1998) (Exh. A); Sherin v. Gould, 115 F.R.D. 171, 172 (E.D. Pa. 1987).

Intermediate care facilities for persons with mental retardation ("ICF/MR") are an optional service under Title XIX.  Compl. ¶ 52 (citing 42 U.S.C. § 1396d(a)(15)).  ICF/MR services provide health and rehabilitative services for persons with mental retardation or other developmental disabilities.  Id. ¶ 54 (citing 42 U.S.C. § 1396d(d)).[2]

In its State Plan, Pennsylvania has opted to provide ICF/MR services.  Compl. ¶ 52.  In Pennsylvania, ICF/MR services are provided in various settings, ranging from large, segregated institutions to small, community, home-like settings.  Id. ¶ 58.  An ICF/MR can only admit a client if the particular "facility can provide for the client's needs and if the client is likely to benefit from placement in the facility."  Compl. ¶ 57 (citing 42 C.F.R. § 483.440(b)(3)).

Each county in Pennsylvania has a waiting list of persons with mental retardation who need residential and non-residential services.  Compl. ¶ 46.  According to a 1999 study conducted for DPW's Office of Mental Retardation ("OMR"), there were more than 14,000 Pennsylvanians with mental retardation who were awaiting some services, either residential or non-residential.  DPW Office of Mental Retardation, A Long Term Plan to Address the Waiting List in Pennsylvania at 7, 10 (Oct. 1999) (hereinafter "A Long Term Plan") (Exh. B).

OMR determined that 3,516 persons on the waiting list have "emergency" needs (i.e., needing services immediately) or "critical" needs (i.e., needing services within one year).  A Long Term Plan at

---

[2]     An individual is eligible for ICF/MR services if s/he meets three criteria:  (1) s/he has mental retardation; (2) s/he needs "active treatment" (i.e., will benefit from a program of activities that assist the individual to function at his/her greatest physical, intellectual, social, or vocational level); and (3) his/her physician recommended an ICF/MR level of care.  Compl. ¶¶ 59-60.

8, 10.[3] OMR added another 411 persons on the "shadow" waiting list based upon a finding that about one-half of the persons who are provided with services were not previously on the waiting list, bringing the total number of persons with critical or emergency needs to 3,927. Id. at 14. OMR estimated that approximately 1,146 of those 3,927 individuals (29%) needed residential services with 24-hour staffing.[4] Id. at 15.

More recent analyses by OMR demonstrate that, in fact, the waiting list is growing. As of April 2001, OMR determined that there were more than 21,300 persons on the waiting list. OMR, The Governor's Recommended Budget FY 2002-2003 at 12 (Exh. C). Of that number, 8,310 were deemed to have "emergency" or critical" service needs. Id. Assuming that, as in the earlier study, about 29% of those individuals need residential services with 24-hour staffing, there are 2,409 Pennsylvanians as of April 2001 who needed that level of service. Despite these "emergency" or "critical" determinations, hundreds of these same individuals remain on waiting lists.

DPW has significant control over the development and provision of ICF/MR services. Compl. ¶ 61. Though DPW has been aware of a substantial waiting list for community residential services for persons with mental retardation who are eligible for ICF/MR services, it adopted a policy in 1996 which remains in force and which states that it "does not currently support the development of new ICF/MR proposals." Id. ¶¶ 62-63 (citing 55 Pa. Code § 6000.821(b)).

The individual Plaintiffs are representative of persons who need and are waiting for community

---

[3]   The study identified 3,655 persons with critical or emergency needs, but ultimately excluded 139 persons who resided in state institutions. A Long Term Plan at 14.

[4]   OMR also identified about 140 persons who have "other" residential services but need 24-hour staffing. A Long Term Plan at 15. These individuals too, would be eligible for ICF/MR services.

residential mental retardation services. Plaintiff Hassan Sabree is a twenty-two year old resident of Philadelphia who has Down Syndrome that results in moderate mental retardation. Compl. ¶¶ 6, 33. Mr. Sabree also has a mild hearing loss and severe psoriasis. Id. ¶ 33. As a result of his disabilities, Mr. Sabree requires substantial assistance with every activity of daily living and requires extensive daily application of medication for his psoriasis. Id. ¶¶ 33, 37.

Mr. Sabree lives with his mother. Compl. ¶ 35. He remains at home alone all day since his mother holds a full-time job and he receives no mental retardation services. Id. ¶ 36. Mr. Sabree is at risk in the event of fire or other emergency when he is home alone. Id. His mother is finding it increasingly difficult to meet the demands of both her full time job and her son's needs for daily care. Id. ¶ 38. Mr. Sabree lacks the habilitation services he needs to reach his potential and, indeed, his skills have regressed since his graduation from school where he received special education services. Id. ¶ 36.

Mr. Sabree needs and is eligible for services in a small, community ICF/MR. See Compl. ¶¶ 40, 64, 69. His mother applied for community residential services, but was informed by his caseworker that it would be months or years before such services would be provided. Id. ¶ 39. He remains on the waiting list. Id.

Plaintiff Catherine Meade is a thirty year old resident of Montgomery County who has mental retardation and some mental health issues. Compl. ¶¶ 8, 22. Due to her mental retardation, Ms. Meade requires supervision at all times and assistance with many activities of daily living. Id. ¶ 25.

Ms. Meade lives with her parents in their family home. Compl. ¶ 24. Ms. Meade's father, age 60, is the primary caregiver for his daughter. Id. ¶ 26. For the past eight years, he has worked from

5

home to enable him to meet Ms. Meade's extensive care needs.  Id.  This has substantially reduced his income and job opportunities.  Id.  Ms. Meade's mother worked full time outside the home until recently when she shifted to full time work from the home.  Id.  Ms. Meade receives only limited mental retardation and mental health services.  Id. ¶ 27.  She needs increased habilitative services to maintain and improve her life skills as well as greater opportunities for interaction with her peers and for activities that provide stimulation.  Id. ¶ 29.

Ms. Meade needs and is eligible for services in a small, community ICF/MR.  See Compl. ¶¶ 32, 64, 69.  For many years, Ms. Meade's parents have requested residential services for her.  Id. ¶ 30.  In December 1999, the Montgomery County Office of Mental Retardation determined that she was in critical need for mental retardation services.  Id. ¶ 31.  However, Ms. Meade has never been offered such services, and she remains on the waiting list.  Id. ¶ 32.

Plaintiff Joseph Frazier is a twenty-three year old Philadelphia resident with moderate mental retardation and autistic tendencies.  Compl. ¶ 7, 13.  Due to his mental retardation, Mr. Frazier requires supervision at all times.  Compl. ¶ 16.

Mr. Frazier lives in the family home with his mother and his grandmother.  Compl. ¶¶ 15, 17.  Mr. Frazier's grandmother, who is currently undergoing cancer treatment, is his primary caregiver during the hours when his mother works at her full time job.  Id. ¶ 17.  Mr. Frazier sits at home all day doing nothing but listening to the radio.  Id. ¶ 19.  Since he graduated from high school, Mr. Frazier's skills have regressed and his maladaptive behaviors have increased which make it difficult for his mother to take him out in public.  Id.

Mr. Frazier needs and is eligible for services in a small, community ICF/MR.  See Compl. ¶¶

6

21, 64, 69. His mother requested residential services for him several years ago after he burned himself by turning on the stove. Id. ¶ 18. Mr. Frazier was placed on the waiting list where he remains. Id. ¶¶ 18, 21.

On behalf of themselves and class members, Plaintiffs filed this lawsuit, asserting that Defendant is violating Title XIX by (1) failing to provide ICF/MR services to which they are entitled; and (2) failing to provide ICF/MR services with reasonable promptness. Compl. ¶¶ 67-75. Plaintiffs seek declaratory and injunctive relief. Id. at 16.

## ARGUMENT

### I. THIS ACTION SATISFIES THE PREREQUISITES OF FEDERAL RULE OF CIVIL PROCEDURE 23(a).

Federal Rule of Civil Procedure 23(a) establishes four requirements, each of which must be satisfied for the maintenance of a class action:

> (1) the class must be so numerous that joinder of all members is impracticable;
>
> (2) there must be a question of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and,
>
> (4) the representative parties must fairly and adequately protect the interests of the class.

This case satisfies each of these requirements.

### A. The Proposed Class Is So Numerous That Joinder of All Members Is Impracticable.

Rule 23(a)(1) requires that the class be so numerous that joinder of all class members would be impracticable. "Impracticability does not mean impossibility, but rather that the difficulty or

inconvenience of joining all members of the putative class calls for class certification." Cureton v. National Collegiate Athletic Ass'n, Civil Action No. 97-131, 1999 WL 447313 at *5 (E.D. Pa. July 1, 1999) (Exh. D). Accord Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993). As the Third Circuit has recently written: "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001), cert. pending, 70 U.S.L.W. 3655 (Apr. 8, 2002). The evidence reveals that there are at least 1,700 Pennsylvanians with mental retardation who have been placed on a waiting list. See discussion, supra, at 3-5. The number of class members, by itself, is sufficient to establish numerosity.

Factors in addition to the size of the class -- including geographic dispersion, ease of identifying class members, and the ability of individual class members to pursue individual cases -- can also militate in favor of certification. See Robidoux, 987 F.2d at 936; Cureton, 1999 WL 447313 at *6; Metts v. Houstoun, Civil Action No. 97-4123, 1997 WL 688804 at *2 (E.D. Pa. Oct. 22, 1997) (Exh. E). Here, the class members are geographically dispersed throughout Pennsylvania. Class members and their families also are unlikely to have either the financial or time resources necessary to pursue individual actions as evidenced by the fact that the class members have been waiting for services for years without seeking judicial relief. "In addition, since this is an action for declaratory and injunctive relief against a government policy, the Court may also consider persons who might be injured in the future in the class." Rancourt v. Concannon, 207 F.R.D. 14 (D. Me. 2002). These factors, combined with the size of the class, make joinder impracticable and are more than sufficient to satisfy Rule 23(a)(1).

**B.     There Are Questions Of Law And Fact Common To The Class.**

Rule 23(a) also requires that there be questions of law and fact common to the class. The commonality requirement does not mandate that all class members have identical claims, but merely that they have common claims. See Hassine v. Jeffes, 846 F.2d 169, 176-77 n.4 (3d Cir. 1988). At least in cases seeking injunctive relief, "[t]he commonality requirement will be satisfied if the named Plaintiffs share at least one question of fact or law with the grievances of the prospective class. . . . Because the requirement may be satisfied by a single common issue, it is easily met ...." Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994) (emphasis added). Accord Stewart v. Abraham, 275 F.3d at 227.

"Courts appear to consider 'common' such challenges based on alleged violations of statutory standards." Baby Neal, 43 F.3d at 56-57. Further, "because they do not also involve an individualized inquiry for the determination of damage awards, injunctive actions 'by their very nature often present common questions satisfying Rule 23(a)(2).'" Id. at 57 (citations omitted).

Here, there are a number of factual and legal issues common to Plaintiffs and all class members, including:

- ♦     whether Pennsylvania Medical Assistance recipients with mental retardation who live on their own, with their families, or with similar caretakers are placed on waiting lists for community residential services;

- ♦     whether DPW, despite its knowledge of a lengthy waiting list for community mental retardation services, has used policies and practices to impede development of small, community ICF/MR programs;

- ♦     whether Plaintiffs and class members are entitled to receive appropriate ICF/MR services under Title XIX;

- ♦     whether Defendant has violated Title XIX by not providing Plaintiffs and class members with ICF/MR services to which they are entitled and by specifically

    acting to impede the development of such services; and,

◆  whether Defendant has violated Title XIX by failing to provide Plaintiffs and class members with ICF/MR services with reasonable promptness.

Accordingly, Rule 23(a)(2) is satisfied in this case. Cf. Rancourt, 207 F.R.D. at 15 (finding commonality in case challenging failure to provide ICF/MR services with reasonable promptness); T.B. v. School Dist., Civil Action No. 97-5453, 1997 WL 786448 at *3-*4 (finding commonality, despite differences among class members, where there were common legal issues) (Exh. F); Metts, 1997 WL 688804 at *4 (finding commonality based on DPW's alleged violations of Title XIX); Maldonado v. Houstoun, 177 F.R.D. 311, 320-21 (E.D. Pa. 1997) (finding commonality satisfied where there were common legal questions).

  **C.**  **Plaintiffs' Claims Are Typical of Those of Class Members.**

Plaintiffs have also satisfied Rule 23(a)(3)'s typicality requirement. "Typicality entails an inquiry [into] whether 'the named Plaintiff's individual circumstances are markedly different or ... the legal theory upon which the claims are based differs from that upon which the claims of the other class members will perforce be based.'" Baby Neal, 43 F.3d at 57-58 (citation omitted). Claims which challenge conduct that affects the named Plaintiffs as well as the class members, such as the claims in the instant case, "usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims.... Actions requesting declaratory and injunctive relief to remedy conduct directed at the class clearly fit this mold." Id. at 58. Accord Stewart v. Abraham, 275 F.3d at 227.

Here, Plaintiffs' claims are typical of those of the class members since they arise from the same

policies and practices and course of conduct as those that give rise to the claims of class and are based on the same legal theories. See Stewart v. Abraham, 275 F.3d at 228; Baby Neal, 43 F.3d at 58; T.B., 1997 WL 786448 at *4-*5. Defendant's violations of Title XIX affect Plaintiffs and class members in the same way -- they are unable to access ICF/MR services for which they are eligible and they are forced onto waiting lists for services. Plaintiffs' action for declaratory and injunctive relief to remedy Defendant's violations of Title XIX is typical of the putative class since it is "'based on patterns and practices not special or unique to [Plaintiffs,] [and] a significant number of other members of the class have been similarly victimized by the same patterns or practices.'" Cureton, 1999 WL 447313 at *8 (quoting Weiss v. York Hosp., 745 F.2d 786, 809 n.36 (3d Cir. 1984)). Plaintiffs and class members are all "victims of the same systemic failures." T.B., 1997 WL 786448 at *5. Rule 23(a)(3) is therefore satisfied.

### D. The Named Plaintiffs Will Fairly And Adequately Represent The Interests Of The Class.

Rule 23(a)(4) requires that the named representatives fairly and adequately protect the interests of the class. This requirement is satisfied if: (1) the interests of the named representatives are not antagonistic to those other class members, and (2) plaintiffs' attorneys are qualified, experienced, and generally able to conduct the litigation. See Hassine, 846 F.2d at 179; Wetzel v. Liberty Mutual Ins. Co., 508 F.2d 239, 247 (3d Cir.), cert. denied, 421 U.S. 1011 (1975).

Here, Plaintiffs and members of the class share the same injuries and seek the same relief -- declaratory and injunctive relief to end Defendant's violations of Title XIX. "Because the plaintiffs seek the same injunctive relief as all members of the class, the court 'can find no potential for conflict

between the claims of the complainants and those of the class as a whole.'"  Metts, 1997 WL 688804 at *4 (quoting Hassine, 846 F.2d at 179).  In addition, Plaintiffs' counsel are qualified and experienced in federal class action litigation, the rights of individuals with disabilities, and Title XIX.  Anderson v. Dep't of Public Welfare, 1 F. Supp.2d 456, 462 (E.D. Pa. 1998) (finding Disabilities Law Project and Stephen F. Gold to be adequate to represent class); Metts, 1997 WL 688804 at *4 (same).  Accordingly, the requirements of Rule 23(a)(4) are satisfied.

II. **THIS ACTION IS MAINTAINABLE AS A CLASS ACTION UNDER RULE 23(b)(2) SINCE DEFENDANT HAS ACTED OR REFUSED TO ACT ON GROUNDS GENERALLY APPLICABLE TO THE CLASS.**

In addition to meeting the requirements of Rule 23(a), a party seeking class certification also must establish that the case falls into at least one of the three Rule 23(b) categories.  Amchem Products, Inc. v. Windsor, 521 U.S. 591, 614 (1997).  Rule 23(b)(2) allows a class action to be maintained if:

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole[.]

Fed. R. Civ. P. 23(b)(2).  "[I]t is generally recognized that civil rights actions seeking relief on behalf of classes ... normally meet the requirements of Rule 23(b)(2)."  Stewart v. Abraham, 275 F.3d at 228.  Accord Baby Neal, 43 F.3d at 59; Metts, 1997 WL 688804 at *5; Maldonado, 177 F.R.D. at 322.

This action readily meets the requirements of Rule 23(b)(2).  Plaintiffs, through this case, seek to define DPW's obligations under Title XIX to persons who have mental retardation and need community residential services.  Plaintiffs seek solely declaratory and injunctive relief to assure that

12

Defendant implements its Title XIX obligation to provide Plaintiffs and class members with community ICF/MR services for which they are eligible.

Courts typically have had little hesitation in certifying under Rule 23(b)(2) cases, such as this, that challenge public officials' policies or practices relating to public benefits and that seek injunctive relief.  See, e.g., Robidoux v. Celani, 987 F.2d at 935-38, 939 (holding that district court's denial of class certification was abuse of discretion in case alleging that state unlawfully delayed processing public benefits applications); Appleyard v. Wallace, 754 F.2d 955 (11th Cir. 1985) (holding that district court's denial of class certification was abuse of discretion in case challenging regulations pertaining to receipt of Medical Assistance benefits); Rancourt, 207 F.R.D. at 16 (certifying class in case challenging failure to provide ICF/MR services); Metts, 1997 WL 688804 at *5-*6 (certifying class of Medical Assistance recipients to challenge implementation of managed care program); Maldonado, 177 F.R.D. at 322-23 (certifying class of AFDC and TANF applicants and recipients denied benefits due to allegedly unconstitutional durational requirements); Taylor v. White, 132 F.R.D. 636, 646-49 (E.D. Pa. 1990) (certifying class in case challenging state Medical Assistance policies as having discriminatory effect).  This case, too, presents a paradigmatic lawsuit for class certification.

## **CONCLUSION**

For all the reasons set forth above, Plaintiffs respectfully request that this Court certify this case to proceed as a class action.

Respectfully submitted,

Dated: June _____, 2002          By:     _____
Ilene W. Shane
Attorney I.D. No. 21774
Robin Resnick
Attorney I.D. No. 46980
Disabilities Law Project
1315 Walnut Street, Suite 400
Philadelphia, PA 19107-4798
(215) 238-8070

Stephen A. Whinston
Attorney I.D. No. 17975
David Langer
Attorney I.D. No. 84394
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3097

Stephen F. Gold
Attorney I.D. No. 09880
125 South Ninth Street
Suite 700
Philadelphia, PA 19107
(215) 627-7100

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN SABREE, by his mother and next friend, Hana Sabree; CATHERINE MEADE, by her father and next friend, Robert A. Meade; JOSEPH FRAZIER, by his mother and next friend, Patricia Frazier, for themselves and all others similarly situated, | : : : : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 02-CV-3426 |
| FEATHER O. HOUSTOUN, in her official capacity as Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania, | : : : : : : : | Class Action |
| Defendant. | : : | |

## **ORDER**

Upon consideration of Plaintiffs' Motion for Class Certification, it is hereby ORDERED on this _____ day of _____, 2002 as follows:

    1.    Plaintiffs' Motion is GRANTED based on the following findings:

        a.    The requirements of Federal Rule of Civil Procedure 23(a) are satisfied.

        (1)    The class is so numerous as to make joinder impracticable. The evidence indicates that there are well over a thousand class members; that the class members are dispersed throughout Pennsylvania; and, that it is unlikely that they have the resources necessary to

pursue individual litigation. These factors combine to render joinder impracticable.

    (2)  There are questions of law and fact common to the named individual Plaintiffs and members of the class:

      (a)  whether Pennsylvania Medical Assistance recipients with mental retardation who live on their own, with their families, or with similar caretakers are placed on waiting lists for community residential services;

      (b)  whether Defendant, despite her knowledge of a lengthy waiting list for community mental retardation services, has used policies and practices to impede development of small, community ICF/MR programs;

      (c)  whether Plaintiffs and class members are entitled to receive appropriate ICF/MR services under Title XIX of the Social Security Act ("Title XIX");

      (d)  whether Defendant has violated Title XIX by not providing Plaintiffs and class members with ICF/MR services to which they are entitled and by specifically acting to impede the development of such services; and,

      (e)  whether Defendant has violated Title XIX by failing to provide Plaintiffs and class members with ICF/MR services with reasonable promptness.

    (3)  The claims of the named Plaintiffs are typical of those of the class members. The legal theories on which Plaintiffs' claims are based are the same as those on which the class members are based and arise out of the same alleged policies, practices, and procedures.

    (4)  The named individual Plaintiffs will fairly and adequately prosecute this lawsuit. They have no interests antagonistic to the class or subclass members and they

have retained qualified counsel to represent them and the class.

    b.  The requirements of Federal Rule of Civil Procedure 23(b)(2) are satisfied since final declaratory and injunctive relief will be appropriate for the class as a whole.

  2.  Plaintiffs are hereby certified as class representatives.

  3.  This case shall proceed on behalf of the following class:

All Pennsylvania residents with mental retardation who live with family members, friends, or other similar caretakers, who are eligible for and have requested Medical Assistance residential services in small, community-integrated settings, and who have not received those services.

            _____
            The Honorable Herbert J. Hutton
            United States District Judge

## CERTIFICATE OF SERVICE

I, Ilene W. Shane, hereby certify that a true and correct copy of Plaintiffs' Motion for Class Certification, Memorandum of Law and Exhibits in support of that Motion, and proposed Order were served on the following by first class mail, postage prepaid on June ___, 2002:

> The Honorable Feather O. Houstoun
> Secretary of Public Welfare
> Department of Public Welfare
> 333 Health & Welfare Building
> Harrisburg, PA  17120
>
> John A. Kane, Esquire
> Chief Counsel
> Department of Public Welfare
> Office of Legal Counsel
> Health & Welfare Building
> Third Floor West
> Harrisburg, PA  17120

_____
Ilene W. Shane