```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

_____
                                     :
HASSAN SABREE, by his mother and     :
next friend, Hana Sabree;            :
CATHERINE MEADE, by her father       :
and next friend, Robert A. Meade;    :
JOSEPH FRAZIER, by his mother and    :
next friend, Patricia Frazier,       :
for themselves and all others        :
similarly situated,                  :
                                     :
                    Plaintiffs,      :
                                     :
          v.                         :   Civil Action No. 02-CV-3426
                                     :
FEATHER O. HOUSTOUN, in her          :   Class Action
official capacity as Secretary of    :
the Department of Public Welfare     :
of the Commonwealth of               :
Pennsylvania,                        :
                                     :
                    Defendant.       :
_____ :

**REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs, through their counsel and next friends, submit this Reply to Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification.  Defendant's primary argument against class certification is that the class definition is inappropriate.  Defendant's concern is more properly addressed by modifying the class definition, as proposed below and in the revised proposed Order submitted with this Reply, rather than by denying class certification.  Defendant's remaining challenges to commonality, typicality, and adequacy of representation rest on a misunderstanding of Plaintiffs' claims and are not supported by the law.

**ARGUMENT**

I.  **AMENDING THE CLASS DEFINITION TO EXPRESSLY LINK THE CLASS TO THE CLAIMS FOR ICF/MR SERVICES ADEQUATELY ADDRESSES DEFENDANT'S CONCERNS REGARDING NUMEROSITY.**

Defendant's main challenge to Plaintiffs' class certification motion focuses on the proposed class definition. Def.'s Mem. at 3-6. Defendant suggests that the class definition must reflect a more direct connection between class members and the claims involved.

In this case, Plaintiffs assert that Defendant has violated the federal Medical Assistance law, Title XIX of the Social Security Act, by failing to provide them with ICF/MR services to which they are entitled and by failing to do so with reasonable promptness. Compl. ¶¶ 67-75. As proposed, the class referred to Medical Assistance recipients who are eligible for community residential services, rather than ICF/MR services specifically. Pls.' Mem. at 1. ICF/MR services are a Medical Assistance residential service and can be provided in integrated community-based settings. Pls.' Mem. at 3. Thus, the class definition certainly encompassed individuals who were entitled to and need community-based ICF/MR services. However, to eliminate any confusion, Plaintiffs propose the following revised class definition[1] (and submit a revised proposed Order):

---

[1] It is appropriate to allow Plaintiffs to revise their class definition. E.g., Tenuto v. Transworld Systems, Inc., No. 99-4228, 2000 WL 1470213 at *5 (E.D. Pa. Sept. 29, 2000) (certifying class on condition that plaintiff amend class definition to conform to purpose of case) (Attachment A); see also Fed. R. Civ. P. 23(c)(1) (allowing amendment of class order at any time prior to decision on merits). Plaintiffs have consented to a

> All Pennsylvania Medical Assistance recipients who are eligible for ICF/MR services; are on the waiting list for residential services and not provided with ICF/MR services; and for whom ICF/MR services in small, community-integrated settings are appropriate.

Under the proposed definition, Plaintiffs certainly are members of the class. Plaintiffs allege that they are eligible for ICF/MR services. Compl. ¶¶ 64, 69. Plaintiffs further allege that they have been placed on waiting lists for residential ICF/MR services and are not provided with ICF/MR services with reasonable promptness. Compl. ¶¶ 21, 32, 40, 64, 70, 74, 75. Plaintiffs allege as well that small, community ICF/MR settings are appropriate to meet their needs. Compl. ¶¶ 21, 32, 40, 64.

Plaintiffs' plight is not unique. As described in their initial Memorandum, the evidence (undisputed by Defendant) reveals that there are at least hundreds, probably thousands, of Pennsylvanians with mental retardation who are placed on waiting lists for residential services with 24-hour staffing and, by definition, are not being provided with ICF/MR services. Pls.' Mem. at 4. The vast majority of these persons are Medical Assistance recipients. So, too, most persons on the waiting list would satisfy the eligibility criteria for ICF/MR services, which are not onerous. They need only have a diagnosis of mental retardation and need "active treatment." DPW, Mental Retardation Bulletin No. 00-02-13 at 2 (Aug. 7, 2002) (Attachment B).[2]

---

request by Defendant to reply to this revised class definition.

[2] Active treatment is "a program of specialized and generic training and treatment, and health and related services that are

Finally, small, community-integrated ICFs/MR are appropriate for most, if not all of the persons on the waiting list.  The Department of Public Welfare ("DPW") has recognized that people with mental retardation should live in integrated, community settings.  One of the "Principles of the Mental Retardation System" is "Contributing to the Community," including "owning or renting one's own home, living among family and friends and not being segregated."  DPW, Mental Retardation Bulletin No. 00-02-04 at 2 (Mar. 25, 2002) (Attachment C); see also 55 Pa. Code § 6400.1 (embracing "principle of 'normalization' for persons with mental retardation).  Thus, the numerosity requirement of Rule 23(a)(1) is satisfied.[3]

Contrary to Defendant's argument, the class definition need not be limited to persons who have explicitly "applied for" ICF/MR services and had those applications denied. Def.'s Mem. at 5.  The county serves as the point of entry for all persons who want to apply for mental retardation services, including ICF/MR services.  Compl. ¶¶ 44-45.  Due to Defendant's policies that have impeded the development of ICFs/MR, Plaintiffs have not been provided with

---

directed toward 1) the acquisition of the behaviors necessary for the individual to function with as much self-determination and independence as possible; and 2) prevention or deceleration of regression or loss of current optimal functional status." Mental Retardation Bulletin No. 00-02-13 at 2.  Once an individual with mental retardation is determined to need active treatment, they must have a medical evaluation that recommends an ICF/MR level of care.  Id. at 4.

[3]   In addition to the number of class members, their geographic dispersion and limited resources further support the conclusion that joinder is impracticable so as to satisfy the numerosity requirement of Rule 23(a)(1).  Pls.' Mem. at 8.

ICF/MR services. Compl. ¶¶ 61-64. Plaintiffs will establish that when a person with mental retardation seeks residential services from their counties, they are not directed to or offered (much less provided with) appropriate ICF/MR services since no such services are available. Defendant would impose on persons with mental retardation and their already strained families a requirement that they know and specifically request "ICF/MR" services in order to be members of a class in a lawsuit that seeks to establish their right to receive such services. No such magic words are necessary. It is sufficient that all class members are eligible for ICF/MR services and are not being provided with such services. Indeed, similar classes have been certified by other courts. E.g., Alexander A. v. Novello, No. 99-CV-8418, 2002 WL 31045299 at *12 (E.D.N.Y. Sept. 12, 2002) (Attachment D) (class of Medical Assistance recipients who are not provided with Residential Treatment Facility services with reasonable promptness); Rancourt v. Concannon, 207 F.R.D. 14, 16 (D. Me. 2002) (class of persons with mental retardation eligible for ICF/MR services and not receiving such services with reasonable promptness); Carr v. Wilson-Coker, 203 F.R.D. 66, 76 (D. Conn. 2001) (class of Medical Assistance recipients eligible for dental services); Risinger v. Concannon, 201 F.R.D. 16, 23 (D. Me. 2001) (class of Medical Assistance recipients who were not timely provided with EPSDT services); Boulet v. Cellucci, 107 F. Supp.2d 61, 80-81 (D. Mass. 2000) (class of Medical Assistance recipients with mental

retardation eligible for waiver services and placed on waiting list).

## II. ANY INDIVIDUAL DIFFERENCES AMONG CLASS MEMBERS CANNOT DEFEAT COMMONALITY IN THIS CASE.

Plaintiffs identified several common factual and legal issues involved in this case. Pls.' Mem. at 9-10. Defendant does not dispute that all class members have these issues in common. Rather, Defendant identifies <u>other</u> potential differences among class members that, she contends, preclude satisfaction of the commonality requirement of Rule 23(a)(2). The differences identified by Defendant, though, are not a bar to class certification.

Since Defendant does not dispute that the factual and legal issues identified by Plaintiffs are, in fact, common to all class members, the standard for commonality is satisfied. As the Third Circuit in <u>Baby Neal v. Casey</u>, 43 F.3d 48, 56 (3d Cir. 1994), concluded, commonality will be established if only a single issue is common to all class members.[4] Defendant's assertion that there are individualized issues in this case cannot defeat commonality

---

[4] Defendant attempts to distinguish <u>Baby Neal</u> by asserting that the issues in that case were somehow less complex than those involved here. Def.'s Mem. at 7. Even a cursory comparison of this case with <u>Baby Neal</u> undermines Defendant's distinction. This case involves a single service (ICF/MR service) and two simple claims (that Defendant fails to provide such service and that she fails to do so with reasonable promptness). In contrast, <u>Baby Neal</u> involved an array of services, issues, and claims, including "the right to appropriate services" and "proper care" under the Adoption Assistance and Child Welfare Act and the "right to the most appropriate placement" and to "medical and psychiatric treatment" under the Constitution. <u>Baby Neal</u>, 43 F.3d at 53.

6

since those issues are simply irrelevant to this lawsuit.[5] Specifically, Defendant asserts that the precise types of ICF/MR services needed by class members will differ and that the standard for "reasonable promptness" will vary from person to person. Def.'s Mem. at 8-9.[6] These "differences" are illusory and will not affect disposition of either of Plaintiffs' claims in this lawsuit. A detailed assessment of each class member's particular service needs is not necessary either to determine liability or to devise a remedy. Nor is it necessary or appropriate to assess reasonable promptness on a person-by-person basis; the timeframe in which it is reasonable to provide ICF/MR services will apply to all class members.

Just as Plaintiffs in this case raise systemic issues that apply equally to all class members, so, too, they seek systemic, not individualized, relief. Plaintiffs seek broad, class-wide relief that will require Defendant to reform Pennsylvania's mental retardation system to assure the provision of appropriate ICF/MR services to eligible persons within a set time frame that, in light of objective facts applicable to all class members, is reasonable.

---

[5] Of course, "[e]ven where individual facts and circumstances do become important to the resolution, class treatment is not precluded." Baby Neal, 43 F.3d at 57. Instead, the class can be certified for particularized issues. Id.; see also Fed. R. Civ. P. 23(c)(4)(A).

[6] Defendant also contends that these same differences will yield different legal conclusions. Def.'s Mem. at 10. As discussed below, however, Plaintiffs' claims are not fact-dependent on each class member's situation.

This Court need not engage in any individualized inquiry to develop specific relief for specific class members.

Defendant does not cite a single decision in which a court denied class certification in a case seeking declaratory and injunctive relief for failure to provide Medical Assistance benefits. Indeed, the courts have found that the common issues in these cases trump any individual disparities. E.g., Alexander A. v. Novello, 2002 WL 31045299 at *6 (common issues prevailed in reasonable promptness claim for Medical Assistance services); Rancourt v. Concannon, 207 F.R.D. at 15-16 (common issues prevailed in case involving the provision of ICF/MR services with reasonable promptness); Carr v. Wilson-Coker, 203 F.R.D. at 74-75 (common issues in case involving denials of Medical Assistance dental services); Risinger v. Concannon, 201 F.R.D. at 19-20 (differences among service needs of Medical Assistance recipients did not defeat commonality); Boulet v. Cellucci, 107 F. Supp.2d at 81 (purported "unique" service needs of persons with mental retardation did not override common issues); Metts v. Houstoun, Civil Action No. 97-4123, 1997 U.S. Dist. LEXIS 16737 at *4, *10 (E.D. Pa. Oct. 22, 1997) (Exh. E to Pls.' Initial Mem.) (common issue prevailed in case involving wrongful denials and terminations of various Medical Assistance services).

### III. DEFENDANT'S CHALLENGES TO TYPICALITY AND ADEQUACY OF REPRESENTATION SHOULD BE REJECTED.

Defendant contends the typical and adequacy of representation requirements of Rule 23(a)(3)-(4) are not satisfied in this case because the named Plaintiffs are not members of the proposed class

because they did not allege that they expressly requested "residential and habilitative services in small, community-integrated settings." Def.'s Mem. at 11, 12. Plaintiffs meet the requirements of the class as re-defined. See discussion, supra, at 3. The named Plaintiffs have been subject to the same challenged policies as all class members, i.e., Defendant's failure to assure the provision of ICF/MR services and to do so with reasonable promptness.

The named Plaintiffs' claims are neither atypical nor in conflict with those of class members. See Pls.' Mem. at 10-12. "Plaintiffs invoke the same Medicaid Act provisions that are invoked on behalf of all class members, allege that they face the same systemic deficiencies that all class members face, and seek to benefit from the same injunction sought on behalf of all class members." Risinger v. Concannon, 201 F.R.D. at 22.

### **CONCLUSION**

For all the reasons set forth above and in their initial Memorandum, Plaintiffs respectfully request that this Court certify this case to proceed as a class action.

Respectfully submitted,

Dated: October 22, 2002          By: _____
                                 Ilene W. Shane
                                 Attorney I.D. No. 21774
                                 Robin Resnick
                                 Attorney I.D. No. 46980
                                 Disabilities Law Project
                                 1315 Walnut Street, Suite 400
                                 Philadelphia, PA  19107-4798
                                 (215) 238-8070

```
                                Stephen A. Whinston
                                Attorney I.D. No. 17975
                                David Langer
                                Attorney I.D. No. 84394
                                Berger & Montague, P.C.
                                1622 Locust Street
                                Philadelphia, PA 19103
                                (215) 875-3097

                                Stephen F. Gold
                                Attorney I.D. No. 09880
                                125 South Ninth Street
                                Suite 700
                                Philadelphia, PA  19107
                                (215) 627-7100

                                Attorneys for Plaintiffs
```

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                    :
HASSAN SABREE, by his mother and    :
next friend, Hana Sabree;           :
CATHERINE MEADE, by her father      :
and next friend, Robert A. Meade;   :
JOSEPH FRAZIER, by his mother and   :
next friend, Patricia Frazier,      :
for themselves and all others       :
similarly situated,                 :
                                    :
                Plaintiffs,         :
                                    :
           v.                       :   Civil Action No. 02-CV-3426
                                    :
FEATHER O. HOUSTOUN, in her         :   Class Action
official capacity as Secretary of   :
the Department of Public Welfare    :
of the Commonwealth of              :
Pennsylvania,                       :
                                    :
                Defendant.          :
_____ :
```

**ORDER**

Upon consideration of Plaintiffs' Motion for Class Certification, it is hereby ORDERED on this _____ day of _____, 2002 as follows:

1. Plaintiffs' Motion is GRANTED based on the following findings:

   a. The requirements of Federal Rule of Civil Procedure 23(a) are satisfied.

      (1) The class is so numerous as to make joinder impracticable. The evidence indicates that there are well over a thousand class members; that the class members are dispersed throughout Pennsylvania; and, that it is unlikely that they have the resources necessary to pursue individual litigation. These factors combine to render joinder impracticable.

(2) There are questions of law and fact common to the named individual Plaintiffs and members of the class:

(a) whether Pennsylvania Medical Assistance recipients with mental retardation are placed on waiting lists for community residential services and not provided with ICF/MR services;

(b) whether Defendant, despite her knowledge of a lengthy waiting list for community mental retardation services, has used policies and practices to impede development of small, community ICF/MR programs;

(c) whether Plaintiffs and class members are entitled to receive appropriate ICF/MR services under Title XIX of the Social Security Act ("Title XIX");

(d) whether Defendant has violated Title XIX by not providing Plaintiffs and class members with ICF/MR services to which they are entitled and by specifically acting to impede the development of such services; and,

(e) whether Defendant has violated Title XIX by failing to provide Plaintiffs and class members with ICF/MR services with reasonable promptness.

(3) The claims of the named Plaintiffs are typical of those of the class members. The legal theories on which Plaintiffs' claims are based are the same as those on which the class members are based and arise out of the same alleged policies, practices, and procedures.

(4) The named individual Plaintiffs will fairly and adequately prosecute this lawsuit. They have no interests antagonistic to the class or subclass members and they have retained qualified counsel to represent them and the class.

b. The requirements of Federal Rule of Civil Procedure 23(b)(2) are satisfied since final declaratory and injunctive relief will be appropriate for the class as a whole.

2. Plaintiffs are hereby certified as class representatives.

3. This case shall proceed on behalf of the following class:

> All Pennsylvania Medical Assistance recipients who are eligible for ICF/MR services; are on the waiting list for residential services and not provided with ICF/MR services; and for whom ICF/MR services in small, community-integrated settings are appropriate.

_____
The Honorable Herbert J. Hutton
United States District Judge

**CERTIFICATE OF SERVICE**

I, Ilene W. Shane, hereby certify that true and correct copies of the Reply to Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification, Attachments, and revised proposed Order were served on the following by first class mail, postage prepaid on October 22, 2002:

>Doris M. Leisch, Esquire
>Chief of Litigation
>Department of Public Welfare
>Office of Legal Counsel
>1700 State Office Building
>1400 Spring Garden Street
>Philadelphia, PA  19130
>
>John A. Kane, Esquire
>Chief Counsel
>Department of Public Welfare
>Office of Legal Counsel
>Health & Welfare Building
>Third Floor West
>Harrisburg, PA  17120

_____
Ilene W. Shane